> Application GRANTED. The action is hereby stayed pending a ruling from the JPML; no later than one business day after the ruling is issued, the parties shall file a joint letter informing the Court of the result and, if appropriate, proposing next steps for this action. Accordingly, tomorrow's deadlines for Defendants Verisk and LexisNexis to respond to the Complaint are hereby ADJOURNED *sine die*. The Clerk of Court is directed to terminate ECF Nos. 32, 33 & 36.
>
> SO ORDERED.
>
> [signature]
>
> May 20, 2024

May 17, 2024

**VIA C/M ECF**

The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Courtroom 1105

    RE:    *Davids et al. v. General Motors LLC, et al.*, 1:24-cv-03203-JMF (S.D.N.Y.)

Your Honor:

    Defendants General Motors LLC ("GM"), OnStar, LLC ("OnStar"), LexisNexis Risk Solutions Inc. ("LexisNexis"), and Verisk Analytics, Inc. ("Verisk") (collectively, "Defendants"), and Plaintiffs Joseph Davids and Thomas Fuhrer ("Plaintiffs" and, collectively, "the Parties") jointly and respectfully request that this Court stay all proceedings and deadlines in this action pending resolution of the motion for transfer and centralization under 28 U.S.C. § 1407 that is currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). Good cause exists to grant the stay, for the following reasons.

    **I.**    **Background**

    Plaintiffs filed the Complaint on April 26, 2024 (ECF No. 1). Waivers of service were sent to GM and OnStar on April 26, 2024 and April 30, 2024, respectively. *See* Dkts. 11, 12. Accordingly, GM and OnStar's current deadlines to respond to the Complaint are June 25, 2024 and July 1, 2024, respectively. *See id*. Verisk and LexisNexis were served on April 30, 2024, and their deadline to respond to the Complaint is May 21, 2024. *See* Dkt. 13, 15.

    This case is one of twenty-three (23) putative class actions filed against Defendants in eight (8) separate federal jurisdictions in connection with the alleged collection and sharing of certain driving data. The first complaint against Defendants involving allegations of vehicle data tracking and disclosure was filed on March 13, 2024 in the Southern District of Florida. *See Chicco v. General Motors LLC et al.,* Case No. 9:24-cv-80281 (S.D. Fla March 13, 2024). Shortly after the first complaint was filed, six (6) substantively similar putative class actions were filed in (1) the Southern District of New York, *Landman v. General Motors LLC, et al.*, Case No. 1:24-cv-02238 (S.D.N.Y. March 25, 2024); (2) the Middle District of Pennsylvania, *Dinardo v. General Motors LLC, et al.*, Case No. 3:24-cv-00524-JKM (M.D. Pa. March 27, 2024); (3) the Eastern District of Michigan, *Reed v. General Motors LLC, et al.*, Case No. 2:24-cv-10804-JJCG-CI (E.D. Mich. March 28, 2024); *Block v. General Motors LLC, et al.*, Case No. 2:24-cv-10824-SJM-APP (E.D. Mich. March 31, 2024); and (4) the Central District of California, *King v. General Motors LLC, et al.*, Case No. 2:24-cv-02560 (C.D. Cal. March 28, 2024); *Thongsawang v. General Motors LLC, et al.*, Case No. 8:24-cv-00695 (C.D. Cal. March 29, 2024).

    On April 5, 2024, Central District of California Plaintiff Thongsawang filed a Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 with the Panel, *see IN RE: Consumer Vehicle Driving Data Tracking Litigation*, Case MDL No. 3115, Dkt. 1 (U.S. Jud. Pan. Mult. Lit.

Hon. Jesse M. Furman
May 17, 2024
Page 2

April 5, 2024), which was accepted for filing on April 9, 2024, *see id*. Dkt. 3 (U.S. Jud. Pan. Mult. Lit. April 9, 2024). The Motion for Transfer and Centralization included the seven (7) actions pending as of April 9, 2024. *See id*. at Dkt. 1. Since then, sixteen (16) additional putative class actions have been filed, including this one, in the Eastern District of Michigan (6), the Central District of California (3), Northern District of Georgia (4), the District of Minnesota (1), the Southern District of New York (1), and the Northern District of California (1) (together with the actions included in the Motion for Transfer and Centralization, the "Pending Actions"). *See Carnine v. General Motors LLC, et al.*, Case No. 2:24-cv-11004-SDK-CI (E.D. Mich. April 16, 2024); *Cogle v. General Motors LLC, et al.*, Case No. 2:24-cv-11062-JJCG-APP (E.D. Mich. April 22, 2024); *Valencia v. General Motors LLC, et al.*, Case No. 2:24-cv-02978 (C.D. Cal. April 12, 2024); *Mason v. General Motors LLC et al.,* Case No. 1:24-cv-01558-TWT (N.D. Ga. April 12, 2024); *Figlio v. General Motors LLC et al.,* Case No. 1:24-cv-01669-TWT-JEM (N.D. Ga. April 19, 2024); *LaFalce v. General Motors LLC, et al.* (N.D. Ga. April 25, 2024); *Lima v. General Motors LLC, e al.,* Case No. 2:24-cv-11119 (E.D. Mich. April 26, 2024); *Behm v. General Motors LLC, et al*., Case No. 24-cv-01517-DSD-ECW (D. Minn. April 26, 2024); *Davids v. General Motors LLC, et al*., Case No. 24-CV-03203 (S.D.N.Y April 26, 2024); *Smith v. General Motors LLC, et al.*, Case No. 5:24-cv-2540 (N.D. Cal. April 26, 2024); *Garcia v. General Motors LLC, et al.*, Case No. 2:24-cv-03515 (C.D. Cal. April 29, 2024); *Laursen v. General Motors LLC, et al.*, Case No. 2:24-cv-11153-LVP-DRG (E.D. Mich. May 1, 2024); *Drews v. General Motors LLC, et al.*, Case No. 2:24-cv-11194-SDK-EAS (E.D. Mich. May 3, 2024); *Martinez v. General Motors LLC, et al.,* Case No. 4:24-cv-11221-SDK-EAS (E.D. Mich. May 8, 2024); *Gilmore v. General Motors LLC, et al.,* Case No. 24-cv-2070 (N.D. Ga. May 10, 2024); *Haiden v. General Motors LLC, et al.*, Case No. 2:24-cv-04030 (C.D. Cal. May 14, 2024).[1]

The JPML promptly set the motion for the JPML's upcoming May 30, 2024 hearing session, and ordered the parties to Respond and Reply by April 26, 2024 and May 3, 2024, respectively. *See id*. Dkt. 4 (U.S. Jud. Pan. Mult. Lit. April 9, 2024). GM, OnStar, and LexisNexis responded to the Motion for Transfer and Centralization on April 26, 2024, agreeing that consolidation and transfer is appropriate but advocating for the Eastern District of Michigan (or alternatively, the Northern District of Georgia), instead of the Central District of California, as the transferee forum. *See* Dkt. 57 (U.S. Jud. Pan. Mult. Lit. April 26, 2024). Verisk responded on May 7, 2024, also agreeing that consolidation and transfer is appropriate but advocating for the Southern District of New York. *See* Dkt. 103 (U.S. Jud. Pan. Mult. Lit. May 7, 2024). A ruling on the Motion for Transfer and Centralization is expected shortly after the May 30 hearing.

Defendants have secured stays of or agreements to stay several of these actions pending a ruling from the JPML on Plaintiff Thongsawang's Motion for Transfer and Centralization. On April 23, 2024, Defendants conferred with Plaintiff in this action and Plaintiff agreed to a stay pending resolution of the Motion for Transfer and Centralization by the JPML. As of this filing, plaintiffs in twenty-one (21) out of the twenty-three (23) related Pending Actions have also

---

[1] While this case and the other recently filed actions were not included in the Motion for Transfer and Centralization, Defendants expect that, to the extent the JPML agrees the cases should be consolidated, the cases will be transferred and centralized along with the others.

consented to stay their respective cases.[2] Defendants are seeking consent to stay the additional cases from the remaining plaintiffs in the cases for which no service has been effectuated or waived (2).

## II. Authority to Stay Pending JPML Decision

This Court has wide discretion to stay proceedings in cases before it. As the Supreme Court observed long ago, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Specifically, "courts in this Circuit have recognized [that] [ ] a stay furthers the court's interest in conserving judicial resources, one of the fundamental goals of multidistrict litigation practice." *Cnty. of Genesee v. McKinsey & Co., Inc.*, No. 21CV1039JSSIL, 2021 WL 2184943, at *2 (E.D.N.Y. May 28, 2021); *see also City of Amsterdam v. Purdue Pharma L.P.*, No. 119CV896MADCFH, 2019 WL 5102564, at *3 (N.D.N.Y. Oct. 11, 2019) ("Permitting this action to proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources.").

Accordingly, under these circumstances, "[m]any courts have stayed proceedings pending a decision by the JPML on whether to consolidate cases." *Rojas v. Teva Pharms. USA, Inc.,* No. 20-CV-6448 (KMK), 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020); *see also Cnty. of Genesee*, 2021 WL 2184943, at *2 ("courts within this Circuit frequently stay a case where there is a motion to transfer to a multi district litigation court pending before that court.") (internal quotations and citations omitted); *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML."); *see also Paintsville Hosp. Co., LLC v. Amneal Pharms., LLC*, No. 7:20-cv-00102-GFVT, 2020 WL 7048275, at *5 (E.D. Ky. Dec. 1, 2020) (staying case pending JPML transfer ruling); *Noble County v. Cardinal Health*, No. 2:18-cv-1379, 2019 WL 311807, at *2 (S.D. Ohio Jan. 24, 2019) (same); *Pennsylvania ex rel. Kane v. McGraw-Hill Companies, Inc.*, No. 1:13-CV-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel").

When determining whether to grant a motion to stay pending a ruling from the JPML on a motion to transfer, "courts in the Second Circuit have examined the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced

---

[2] One court, the Southern District of Florida, has denied Defendants' consent motion to stay on the basis that there is no definite time period for the JPML's decision, *see Chicco v. General Motors LLC et al.,* Case No. 9:24-cv-80281 (S.D. Fla March 13, 2024), ECF No. 19, and defendants have filed Answers, *id.* at ECF Nos. 21, 22. No discovery has been taken, and the case remains in its preliminary stages.

against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *City of Amsterdam v. Purdue Pharma L.P.*, No. 119CV896MADCFH, 2019 WL 5102564, at *2 (N.D.N.Y. Oct. 11, 2019). Where, as here, an "action is in its infancy," the JPML is set to resolve a motion to transfer in short order, and defendants have "agreed with the plaintiffs in [the] other similar actions before the JPML to stay those actions pending the JPML's determination," a stay is particularly appropriate. *Ephraim v. Abbott Laboratories, Inc.*, 601 F. Supp. 3d 1274, 1275–76 (S.D. Fla Apr. 27, 2022).

### a. Judicial Resources Will Be Saved And Duplicative Litigation Avoided

*First*, "judicial resources would be better served by granting a stay pending the JPML's decision." *Pierre v. Prospect Mortg., LLC*, No. 1:13-CV-453 NAM/RFT, 2013 WL 5876151, at *4 (N.D.N.Y. Oct. 31, 2013). The Pending Actions are premised on the same core factual allegations. They raise many overlapping factual and legal questions, including threshold issues such as whether plaintiffs' claims against the Defendants should be compelled to arbitration.[3] As such, interests of judicial efficiency and consistency favor having those issues addressed by a single judge in a centralized, rather than a piecemeal, fashion. *See e.g., Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) ("Courts have expressed concerns that 'any decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be relitigated.'").

### b. No Party Opposes a Stay

*Second*, there is no "party opposing the stay," as Plaintiffs have stipulated to a stay. *See Anderson v. Fortra LLC*, No. 23-CV-533 (SRN/DTS), 2024 WL 195648, at *3 (D. Minn. Jan. 18, 2024) (granting stay and noting the plaintiffs "do not argue that a stay in this matter would cause them significant further harm"). In any event, Plaintiffs will not be prejudiced by a modest stay as this case is in its infancy, no responsive pleadings have been filed, and the JPML hearing on the Motion to Transfer is scheduled for this month on May 30, 2024. *See e.g., Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) ("Courts have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff."); *see also City of Amsterdam v. Purdue Pharma L.P.*, No. 119CV896MADCFH, 2019 WL 5102564, at *3 (N.D.N.Y. Oct. 11, 2019) ("[A] brief stay pending a decision by the JPML after its December 5, 2019 hearing would hardly preclude Plaintiff from litigating its claims in the Consolidated New York action should the JPML elect not to transfer this action."). This factor necessarily weighs in favor of granting the stay.

### c. The Parties Will Face Inequity and Hardship Without a Stay

*Third*, Defendants (and likely all parties) will face hardship and inequity if the action is not stayed. Given that twenty-three (23) related putative class actions have been filed against one or

---

[3] Defendants expressly reserve their arbitration defenses and right to move to compel arbitration, whether in this action or in any consolidated action ordered by the JPML.

more Defendants raising substantially the same factual and legal theories, the JPML is likely to grant the Motion for Transfer and Centralization pending before it. *See, e.g.*, *In re: Toys "R" Us-Delaware, Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 581 F. Supp. 2d 1377, 1377 (J.P.M.L. 2008) (ordering consolidation where only two similar actions were pending). And if the JPML were to grant that Motion, the MDL transferee judge would likely enter case management orders addressing (among other things) the appointment of Plaintiffs' leadership counsel; the deadline for a consolidated, superseding complaint; Defendants' deadline to respond to such complaint; and other procedural matters. *See, e.g.*, Ann. Manual Complex Lit. § 21.11 (4th ed.). Accordingly, it would be a waste of party time and resources for Defendants to have to prepare a motion or other response to the Complaint in this case—including a motion to compel arbitration—as it is likely that those efforts will be mooted upon consolidation and transfer by the JPML. *See e.g., Fowler,* 2008 WL 11336192 at *2 (granting motion to stay, in part, because defendant "will be required to develop and to present similar defenses in several district courts, and will have to engage in duplicate briefing of motions and potentially duplicative discovery."). Further, Defendants have secured agreement to stay all Pending Actions for which an attendant complaint has been served or service has been waived and intend to seek consent from the remaining plaintiffs once service is effectuated or waived. *See Ephraim*, 601 F. Supp. 3d at 1276 (stay was appropriate where defendant "agreed with the plaintiffs in [the] other similar actions before the JPML to stay those actions pending the JPML's determination").

In sum, a stay will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all Parties. Accordingly, the Parties jointly and respectfully request that the Court stay all proceedings in this case pending the JPML's decision. In the event that the JPML declines to transfer and centralize the Pending Actions, which the Parties believe is unlikely, the Parties will file, within seven (7) days of the JPML ruling, a proposed briefing schedule for Defendants' motions to compel and/or dismiss or a proposed deadline for Defendants to otherwise respond to the Complaint.

Respectfully submitted,

*/s/ Melanie Burke*

Melanie Burke

KING & SPALDING LLP
1185 Avenue of the Americas, 34th Fl.
New York, NY 10036

*Counsel for General Motors LLC and OnStar, LLC*

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja
HOGAN LOVELLS US LLP

    390 Madison Ave.
    New York, NY 10017

    *Counsel for Verisk Analytics, Inc.*

    <u>/s/ *Stephen J. Steinlight*</u>
    Stephen J. Steinlight, Esq.
    TROUTMAN PEPPER HAMILTON
    SANDERS LLP
    875 Third Avenue
    New York, NY 10022
    stephen.steinlight@troutman.com

    *Counsel for LexisNexis Risk Solutions Inc.*

    <u>/s/ *Ryan McDevitt*</u>
    Ryan McDevitt
    KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101

    Ron Kilgard
    KELLER ROHRBACK L.L.P.
    1140 Sixth Avenue, Ninth Floor
    New York, NY 10036

    *Counsel for Plaintiffs Joseph Davids and Thomas Fuhrer*